Footnotes in HTML versions of 
opinions are designated by boxes (click on the box to see the footnote text) and 
are not numbered. For an exact copy of the opinion, retrieve the Adobe PDF 
version.
 
 
IN 
THE SUPREME COURT OF TEXAS
 
════════════
No. 06-0088
════════════
 
In re The Honorable Karen 
Angelini
 
════════════════════════════════════════════════════
On Petition for Writ of Mandamus
════════════════════════════════════════════════════
 
              Justice 
Brister delivered the opinion of the Court, in which Chief Justice Jefferson, Justice Hecht, Justice Medina and Justice Green joined.
 
              Justice Johnson filed a concurring 
opinion, in which Justice O’Neill 
joined.
 
              Justice 
Wainwright filed a dissenting opinion.
 
              Justice 
Willett did not participate in the decision.
 
              In 
this original proceeding, the Honorable Karen Angelini, currently Justice of the Fourth Court of Appeals, 
Place Five, seeks mandamus relief against Charles E. Soechting, State Chair of the Texas Democratic Party. The 
latter initially listed Lauro A. Bustamante as a candidate for Place Seven on the Fourth 
Court of Appeals, then at the filing deadline as a candidate for Place Five, 
then after the deadline as disqualified, and finally as a candidate for Place 
Five again after this Court issued three opinions on January 27, 2006. 

Because we find fact issues that must be determined after a hearing on the 
merits, we deny the petition for writ of mandamus.
              Angelini alleges “multiple defects” in Bustamante’s filings that could not be cured by the filing 
deadline. The facsimile date and time stamps on the filings indicate that they 
were transmitted to the Party between 6:04 and 6:40 p.m. on January 2, 2006 — 
after the 6:00 p.m. filing deadline. 

Angelini reports that a Democratic Party 
representative told her Bustamante’s papers were 
actually received before the deadline, but that the Party’s facsimile clock had 
not been reset from Daylight Savings Time. In any case, Angelini argues that our decision in Francis did not 
authorize relief for a late-filer like Bustamante, 
citing the following:
 
[W]e 
emphasize several limitations on today’s holding. 
First, it concerns only facial defects that are apparent from the four corners 
of a candidate’s filings; it does not reach forgery, fraud, or other 
non-accidental defects discoverable only by independent investigation. Second, 
it concerns only early filings that allow time for corrections after the state 
chair’s review: no additional time will be available for candidates who file at 
the last minute so that review cannot be completed before the filing deadline. 
Third, it does not allow political parties or candidates to ignore statutory 
deadlines; it allows candidates only the time that the Election Code was 
designed to give them. Fourth, it concerns only defective filings that have 
erroneously been approved; it does not change what the Election Code says party 
chairs should and must reject. 


As 
Bustamante did not file until at or after the 
deadline, she argues that the State Chair did not review it until after the 
deadline, did not erroneously approve it, and did not deny Bustamante the opportunity to cure that the Election Code 
provides to early filers.
              In 
response, Bustamante has filed an affidavit in which 
he states that the Democratic Party reviewed his filings as each page arrived 
and approved them. Further, he challenges the authenticity and veracity of all 
Angelini’s evidence about his filings. Finally, he 
avers that he had time to correct any mistakes before the filing deadline 
because he had staff, computers, facsimile machines, and a notary available. 

              “It 
is well established Texas law that an appellate court may not deal 
with disputed areas of fact in an original mandamus proceeding.” 

There are several such factual disputes here, including (1) whether Bustamante filed his documents before the deadline, (2) 
whether he complied with all statutory requirements except for facial defects 
that are apparent within their four corners, (3) whether the Party had 
sufficient time to complete its statutory review of his filings before the 
deadline, 

(4) whether after that review but before the deadline the Party erroneously 
notified Bustamante that his filings complied with 
statutory requirements, 

and (5) whether Bustamante could have cured any facial 
errors before the deadline had the State Chair properly notified him of those 
defects. If the trial court answers any of these questions “No,” then we agree 
Angelini would be entitled to mandamus relief. 

The parties may of course raise legal and factual issues other than these.
              We 
decline the dissent’s invitation to disqualify Bustamante without giving him a hearing. First, he does not 
admit that his filings were defective; that is instead our colleague’s 
conclusion. While he avers that he had “time for corrections,” he never concedes 
that his filings needed any. More important, he challenges the authenticity and 
veracity of the copies of his filings submitted by Angelini, the only basis upon which we could make any 
decision. 
              Second, 
in concluding that Bustamante filed only 20 signatures 
that complied with the Election Code, the dissent decides several factual and 
legal issues without a hearing and barely any mention. Bustamante’s petition contains almost 400 signatures, but 
the dissent disqualifies all but 20 because only two petition pages were signed 
by a circulator. Voters’ signatures are valid under the Election Code if they 
appear in the same “part” of the petition as the circulator’s affidavit, and the 
same “page” of the petition as other items like the place number discussed in 
Francis. 

We need not decide today whether “part” and “page” are the same because, 
depending on what facts the trial court finds, it may 
be irrelevant in this case.
              The 
dissent’s approach to defects in a candidate’s filings has not been the law for 
several years. A majority (not a plurality) of this Court held in Gamble 
that defective filings could be remedied after the filing deadline to 
correct a party official’s violation of a statutory duty. 

Gamble concerned an application for office rather than a petition, but 
the Election Code treats the two as one document, 

so we cannot treat them differently.
              Any 
“mystery” about the duty of state party chairs can be cleared up by reading the 
statute, which does not require them to do the work for any candidate, 
but does require them to review filings “as soon as practicable” after 
receipt and “immediately deliver” written notice of defects. 

If the Legislature intended for less-than-perfect candidates to get what the 
dissent thinks they deserve, there would be no reason for state chairs to review 
anything before the deadline, and certainly no reason to move quickly.
              As 
both Angelini and Bustamante 
are unopposed in their respective primaries, there should be ample time before 
the general election in November for a trial court to make its findings, and for 
any appellate review to be conducted first in the court of appeals rather than 
this Court. Generally, such proceedings “must be presented first to the court of 
appeals unless there is a compelling reason not to do so.” 


              For 
the foregoing reasons, we deny the petition for writ of 
mandamus.   
 
                                                                                                    ________________________________
                                                                                                    Scott Brister
                                                                                                    Justice
 
OPINION DELIVERED: February 24, 2006